Mr. Julio J. Martinez, Chairman Task Force Committee on Towing Department of Highway Safety And Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32399-0500
Dear Mr. Martinez:,
You have asked on behalf of the Task Force Committee on Towing substantially the following questions:
1. May a motor vehicle storage or towing company refuse to release personal property contained in a vehicle which is being towed or stored until payment is received for the towing or storage?
2. If not, what standards must the storage or towing company use to determine rightful ownership of the personal property?
In sum, I am of the following opinion:
1. There is no statutory authority which allows a storage or towing company to hold personal property contained in a vehicle until payment is received for the storage or towing of the vehicle.
2. It would appear that a storage or towing company would be required to use reasonable care in performing storage or towing services.
The Task Force Committee on Towing was created within the Department of Highway Safety and Motor Vehicles by Chapter 89-105, Laws of Florida, to study and determine how the state and the towing industry can best address and meet the problems of towing, storing and removing vehicles. Accordingly, the task force is charged with examining and evaluating the towing industry from the initiation of towing to the disposal of abandoned or derelict vehicles.[1] You have asked, therefore, for an interpretation of statutory provisions related to the storage and towing of motor vehicles.
Question One
Section 713.78(2), Florida Statutes, provides:
"Whenever a person regularly engaged in the business of transporting vehicles by wrecker, tow truck, or car carrier recovers, removes, or stores a vehicle upon instructions from: (a) The owners thereof; or (b) The owner or lessor, or a person authorized by the owner or lessor, of property on which such vehicle is wrongfully parked, and such removal is done in compliance with s. 715.07; or (c) Any law enforcement agency, he shall have a lien on such vehicle for a reasonable towing fee and for a reasonable storage fee; except that no storage fee shall be charged if such vehicle is stored for less than 6 hours."
The statute clearly provides that a person towing or storing vehicle pursuant to its terms "shall have a lien on such vehicle." There is no indication that the lien extends to personal property which is in the towed or stored vehicle.
In an informal opinion, this office considered whether a towing company could refuse to release personal property contained in a stored or towed vehicle until payment of the storage or towing charges.[2] Finding that section 713.78, Florida Statutes, gives the person who has stored or towed the vehicle a lien only on such vehicle, it was concluded that the Legislature did not intend to extend the lien created pursuant to the statute to personal property contained in the vehicle at the time it was towed or stored.[3]
I have not found, nor have you provided, any judicial decisions construing section 713.78, Florida Statutes, or statutory provisions which would alter the conclusion reached in that informal opinion. Accordingly, it is my opinion that the person in possession of a vehicle pursuant to section 713.78, Florida Statutes., may not withhold personal property contained in the vehicle until the storage or towage fees are paid.
Question Two
A person who comes into possession of a vehicle pursuant to section 713.78(2), Florida Statutes, "shall give notice to the registered owner and to all persons claiming a lien thereon, as disclosed by the records in the Department of Highway Safety and Motor Vehicles or of corresponding agency in any other state."[4]
Thus, the information obtained from the Department of Highway Safety and Motor Vehicles by the person towing or storing a vehicle identifies the registered owner of the vehicle.
While the person or firm towing or storing a vehicle may identify the registered owner of the vehicle from the information provided by the Department of Highway of Safety and Motor Vehicles, there is no statutory means for identifying the owner of personal property contained in the stored or towed vehicle. However, section 713.78(6), Florida Statutes, in pertinent part, states:
"No person regularly engaged in the business of recovering, towing, or storing vehicles shall be liable for damages connected with such services, provided that they have been performed with reasonable care and provided, further, that, in the case of removal of a vehicle upon the request of a person purporting, and reasonably appearing, to be the owner or lessor, or a person authorized by the owner or lessor, of the property from which such vehicle is removed, such removal has been done in compliance with s. 715.07."
This section appears to protect those persons engaged in towing or storing vehicles form liability if such service is performed with "reasonable care."
Section 715.07, F.S., sets forth guidelines for the towing or removal of vehicles from private property without the consent of the registered owner or other legally authorized person in control of the vehicle. While the statute does not contain specific direction as to the custody and care of personal property contained in a towed or stored vehicle, both Chapters 715 and 713, Florida Statutes, require "reasonable care" in carrying out their provisions relating to the towing and storing of vehicles.[5] Any question of liability, however, would depend upon the facts in the specific instance and would have to be resolved on a case by case basis.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tcs
[1] Section 1(1), Ch. 89-105, Laws of Florida.
[2] Informal Opinion to Mr. Samuel A. Price, June 2, 1987.
[3] Cf., People v. James, 177 Cal. Reptr. 110, 122 Cal.App.3d 25
(Cal.4th DCA 1981) (terms "towing" and "towage" refer to those activities reasonably necessary to transport and impound a vehicle and does not include a "let-down" or "stand-by" fee, fees for being allowed to remove personal property from the impounded vehicle or fees for the preparation of lien papers, since these activities are not related to towing and storage).
[4] Section 713.78(3)(a), Fla. Stat.
[5] See, s. 715.07(8), Fla. Stat., allowing vehicle entry with "reasonable care" on the part of the person or firm towing the vehicle for purposes of removing the vehicle and making the person or firm liable for any damage to the vehicle if such entry is not in accordance with the standard of reasonable care.